INZER, Justice:
ON PETITION FOR REHEARING
We have carefully considered the points presented in appellee’s petition for a rehearing and find them to be without merit. However, since there seems to be some misunderstanding as to the effect of our judgment reversing this case and entering a judgment here for appellant, it should be pointed out that this affects only appel-lee’s claim for permanent partial disability.
When we affirmed the judgment of the circuit court on the first appeal to this Court, we construed that judgment to mean that the circuit court affirmed the order of the commission except as to appellee’s claim for permanent partial disability. The original order of the commission affirmed the order of the attorney-referee finding that appellee had suffered an accidental injury arising out of and in the course of his employment and ordered the employer to pay appellee temporary partial disability, temporary total disability, permanent partial disability, to pay for and furnish the necessary medical services and supplies resulting from the injury together with penalties on unpaid installments. The only error found by the circuit court was relative to the allowance of permanent partial disability and its judgment affirmed the order of the commission as to the other features of the case. When we affirmed the judgment of the circuit court, the order of the commission became final as to everything except the permanent partial disability and upon remand to the commission the only issue left for the commission to determine was whether appellee was entitled to permanent partial disability. We assumed that the order of the commission had been complied with except as to the payment of permanent partial disability and when we stated in our opinion on this appeal that “we reverse and dismiss appellee’s claim” we were referring only to his claim for permanent partial disability. This was the only issue left in the case and in our judgment does not affect any other matters.
The petition for rehearing is denied.
All Justices concur.